Superior Court of Buffalo.    December General Term, 1856.
*Masten, Verplank* and *Clinton*, Justices.

## The People *v.* Clinton D. Chandler.

Where, on the trial of an indictment for obtaining property by false pretences, it appeared that certain bills purporting to have been issued by a foreign bank, had been transferred under certain representations alleged to be false, and the material questions to be decided were, whether there was any such bank in existence, and whether it was solvent, it was held not to be competent to prove by a broker that, in his opinion, bills of that description never had any value, the broker not having shown any knowledge on the subject, except that he had been for twelve years a money broker, had bought and sold bank bills, and in April or May previous had been offered and had refused to take bills of the description in question.

THE prisoner was convicted at the October Criminal Term, 1856, of having procured, by false representations, one of the firm of F. Smith & Co. to put the signature of F. Smith & Co. to their promissory note, payable to the order of one George W. Baker, and to procure said Baker's indorsement of the note, and to deliver it to the prisoner in exchange for certain bills purporting to be issued by the President, Directors and Company of the Potomac River Bank, dated at Georgetown, in the District of Columbia, and payable on demand to the bearer. The pretences set forth as false were as follows: "The said Clinton D. Chandler, with intent feloniously to cheat and defraud the said Frederick Smith, Addison P. Mason and Cornelius Smith" (F. Smith & Co.), did then and there feloniously, unlawfully, knowingly and designedly, falsely pretend and represent to the said Frederick Smith, that all of the aforesaid bills hereinbefore described were good; that he, the said Clinton D. Chandler, would sell all the property he had and take his pay in said bills; that in a published bank note and counterfeit detector (then and there presented to said Frederick Smith by said Clinton D. Chandler), said bills were quoted as good; that said bank was a good and solvent bank (then and thereby meaning that all of aforesaid bills were good and valuable pro-

missory notes for the payment of money); that they were issued by an existing banking incorporation, and that said bank so existing then was a good and solvent bank." The traverse was as follows: "Whereas, in truth and in fact, there was not then and there any such corporation or bank as the Potomac River Bank, or the President, Directors and Company of the Potomac River Bank in existence, and had never been in existence, and he, the said Clinton D. Chandler, then and there well knew no such corporation or bank was in existence; and whereas, in truth and in fact, said bills, purporting to have been issued by the aforesaid bank hereinbefore described, were not good, and were not good and valuable promissory notes for the payment of money; and whereas, in truth and in fact, the said Potomac River Bank was not a good and solvent bank, and he, the said Clinton D. Chandler, then and there well knew," &c. On the trial Andrew Houlestone was called by the People, and testified that he was a money broker in Buffalo, and had been for twelve years; that he bought and sold bank bills; that bills of the Potomac River Bank were offered at his counter in April or May last, and that he refused them. The district attorney asked the witness: *In your opinion has this money (the Potomac River Bank bills) ever had any* value? The counsel for the prisoner objected to the inquiry, that it did not appear that the witness had any knowledge, either actual or acquired in his business, and that it was merely calling for his opinion. The objection was overruled, and the prisoner excepted. The witness answered, "In my opinion they never had." On a bill containing this and other exceptions, the prisoner moved for a new trial.

*Eli Cook*, for the prisoner.

*A. Sawin* (District Attorney), for the People.

*By the Court*, CLINTON, J. The fraud charged is not that the bills were falsely represented to be good or marketable in the city of Buffalo, but that they were falsely represented to

The People *v.* Chandler.

be the bills of a good and solvent banking corporation, when, in truth, there was no such corporation, or, if there were, it was not good or solvent. Asking the witness Houlestone whether, in his opinion, the bills ever had any value, was, in effect, asking whether, in his opinion, there ever was any such bank, and if, in his opinion, there was such a bank, whether, in his opinion, it was ever solvent. I do not myself see how the non-existence of a corporation, or of a person, can ever be proven by opinion. The mere opinion of a witness is never evidence. The witness must, in the exceptional cases where opinion is competent, base it upon, or apply it to, a given fact or state of facts. If he is called to prove a signature of A. he must first prove his acquaintance with A's handwriting. If called to testify to the value of a barrel of flour, or a share of stock, he must prove his knowledge of the market. If to testify to the cause of B's death, he must show himself competent, by his profession and experience, and by a knowledge of the antecedents and accompaniments of the death, to form a reliable opinion as to its cause. Mr. Houlestone, having been a money broker in Buffalo for twelve years, buying and selling bank bills as parcel of his business, was competent to show that the bills purporting to be issued by the President, Directors and Company of the Potomac River Bank, were not current, and had no market value in Buffalo; but his opinion was utterly incompetent to prove there was no such bank, or that, if there were, its bills were actually, absolutely and everywhere destitute of value.

This was the only question presented by counsel on the argument, and I feel it proper to abstain from expressing my impressions as to the quality and sources of the evidence which may be necessary to sustain this indictment.

The prisoner is entitled to a new trial.

New trial ordered.